172

Children's Rehabilitation Center, Inc. and Children's Care Center, Inc., Plaintiffs v. County of Allegheny et al., Defendants.

Argued February 7, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, BLATT, DISALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR. and ROGERS did not participate.

*Thomas B. Schmidt, III*, with him *Pepper, Hamilton & Scheetz*, for plaintiffs.

*Frank G. Verterano*, with him *James R. Miller; Dickie, McCamey & Chilcote; James A. Pruyne; William C. Costopoulos; Timothy F. Nicholson; Arnold C. Rapoport; William R. Bunt; Frank L. Tamulonis; Anthony J. Bonadio; John R. White; Alexander J. Jaffurs; James A. Esler, Loraine S. Tabakin; Cheryl A. Craig*, for defendants.

OPINION BY PRESIDENT JUDGE BOWMAN, July 10, 1979:

By a multiple-count complaint in assumpsit, plaintiffs, Children's Rehabilitation Center, Inc. and Children's Care Center, Inc., seek money damages on a legal theory of implied contract from named counties or from the Commonwealth (Department of Public Welfare) for interim care afforded mentally retarded persons admitted to plaintiff institutions as residents of particular counties, said damages being measured by a per diem rate or fee from a particular date forward in excess of the per diem rate or fee approved by the Department of Public Welfare. Under the Mental Health and Mental Retardation Act of 1966 (the Act), Act of October 20, 1966, Special Sess., P.L. 96, *as amended*, 50 P.S. §4101 et seq., the Department is responsible for the general supervision and funding of community based programs and the counties are responsible for the operation of such programs under Department supervision.

All defendants have filed preliminary objections to plaintiffs' complaint raising, among others, the jurisdiction of this Court and a demurrer for failure to state a cause of action. As we sustain the Commonwealth's preliminary objections asserting the want of subject matter jurisdiction of this Court over the cause of action directed against the Commonwealth, we do not reach its demurrer nor the preliminary objections of the named counties.

To posture the Commonwealth's assertion that we lack subject matter jurisdiction, we briefly refer to the plaintiffs' complaint generally and specifically as it is asserted against the Commonwealth. Being captioned as a cause of action in assumpsit, the complaint consists of three counts. The first count is asserted by plaintiff, Children's Rehabilitation Center, Inc., against certain named counties and alleges that it has provided interim care services to certain residents of the named counties at a per diem rate of $24.50 prior to February 1, 1977, that effective February 1, 1977, the per diem rate would be increased to $29.75, of which the counties were given written notice, that interim care services have been rendered since that date but that the counties refused to pay the increased rate for the reason that the Department of Public Welfare has not approved the increase. On these facts and asserting a statutory obligation on the part of the counties to provide the interim care afforded under the Act, plaintiff advances a theory of implied contract in fact and in law.

The second count by plaintiff, Children's Care Center, Inc., against named counties, asserts essentially the same facts and raises the same legal issues. Count III is asserted by both plaintiffs against the Commonwealth, incorporates the essential facts of the first two counts and advances a legal theory that the Commonwealth has an obligation sounding in contract

under the facts and by reason of the provision of the Act.

It is thus clear and readily admitted by plaintiffs that the cause of action is one based upon a theory of implied contract or quasi-contract. We compliment the ingenuity of plaintiffs' counsel in attempting to overcome the formidable jurisdictional barriers confronting one who in a single cause of action seeks resolution of legal issues sounding in contract asserted against both local government units and the State government, particularly where a statutory remedy is afforded as to contract claims against the State government. However, the application of fundamental law of jurisdiction cannot permit plaintiffs to pursue these causes in this Court.

Plaintiffs point to Section 761 of the Judicial Code, 42 Pa. C.S. §761, *formerly* Section 401 of the Appellate Court Jurisdiction Act of 1970, as affording jurisdiction of this Court over the cause asserted as being a civil proceeding against the Commonwealth government with ancillary jurisdiction thereby being obtained over the county defendants under the doctrine stated in *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977). The Commonwealth responds that Section 761 of the Judicial Code does not repeal, modify or supplant the jurisdiction of the Board of Arbitration of Claims.[1]

We recently addressed this very issue in *Vespaziani v. Department of Revenue*, 40 Pa. Commonwealth Ct. 54, 57-8, 396 A.2d 489, 490-91 (1979). We there said:

> [Petitioner] argues that the Board of Arbitration of Claims no longer has exclusive ju-

---

[1] The Act of October 5, 1978, P.L. 1104, amending the Act creating the Board of Arbitration of Claims and prescribing its jurisdiction, changed its name to that of the Board of Claims and conferred additional jurisdiction upon the Board.

risdiction (1) since the Pennsylvania Supreme Court recently held in Mayle v. Pennsylvania Department of Highways, 479 Pa. 384, 388 A.2d 709 (1978), that the Commonwealth is no longer immune from suit by virtue of the common law doctrine of sovereign immunity, and (2) since the Board of Arbitration of Claims was established to provide a forum for obtaining a remedy against the Commonwealth where none existed due to the sovereign's immunity. We find no merit in this argument. In creating the Board of Arbitration of Claims, the Commonwealth had already set aside its immunity as to contractual claims. In Mayle, the Supreme Court did not decide that the legislature was not empowered to provide, pursuant to Article I, Section 11 of the Constitution, the Board of Arbitration of Claims with sole subject-matter jurisdiction over contractual claims against the Commonwealth.

We would add that this result is emphasized in the Act of October 5, 1978, P.L. 1104,[2] which now prescribes that the Board's jurisdiction in contract claims against the Commonwealth shall be "exclusive." As the most recent enactment on the subject, any arguable conflict between Section 761 of the Judicial Code and the prior statutory law on the jurisdiction of the Board is put to rest. *See* the Statutory Construction Act of 1972, 1 Pa. C.S. §§1933, 1935.

Wanting jurisdiction over the cause of action asserted by plaintiffs against the Commonwealth, we cannot enjoy ancillary jurisdiction over the county defendants.

Having concluded that this Court is without jurisdiction over the cause of action asserted by plaintiffs

---

[2] *Supra* note 1.

against the Commonwealth, and that the Board of Claims is the tribunal vested with exclusive original jurisdiction over causes of this nature, we will transfer the complaint in assumpsit as directed against the Commonwealth to the Board of Claims pursuant to the rule in this Commonwealth which permits transfer by a court or other tribunal lacking subject matter jurisdiction to the appropriate court or tribunal, treating the matter as having been filed in the transferee forum on the original filing date. *Kim v. Heinzenroether*, 37 Pa. Commonwealth Ct. 328, 332, 390 A. 2d 874, 875 (1978); *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co.*, 26 Pa. Commonwealth Ct. 260, 363 A.2d 817 (1976); *see also* Pa. R.C.P. No. 213(f); the Judicial Code, 42 Pa. C.S. §5103(a).

There remains the problem of transferring to the appropriate courts of common pleas plaintiffs' causes of action as asserted against eighteen counties in all; each plaintiff asserting a cause against some of the defendant counties but not against all of them. To avoid unnecessary transfers and docketing of causes against particular counties by one or both plaintiffs, we shall transfer such of the causes against such of the defendant counties as plaintiffs by praecipe shall request, it being our belief that plaintiffs may selectively pursue their causes as a test of the legal issues raised.[3]

---

[3] We repeat here a caveat appended to our opinion in *United Brokers Mortgage Co. v. Fidelity Philadelphia Trust Co., supra* at 269 n. 6, 363 A.2d at 822 n. 6:

[6] Plaintiff may not, of course, obtain a double recovery. Pa. R.C.P. No. 1020d(3) includes specific provisions to avoid such a result where, as is usually the case, the causes of action are tried together. The same principle applies with equal force where the causes of action are tried separately and such separate trial is clearly contemplated by that Rule which provides, in part: 'All causes of action shall be tried

178

## Order

Now, July 10, 1979, plaintiffs' complaint in assumpsit to the extent that it is directed against and asserts a cause of action against the Commonwealth of Pennsylvania is hereby transferred to the Board of Claims where said action shall be considered filed as of the date the same was filed in this Court.

To the extent that plaintiffs' complaint asserts a cause of action or causes of action against the named defendant counties, the cause or causes of action are to be transferred to the appropriate court of common pleas upon praecipe of the plaintiffs for further proceedings.

The Chief Clerk shall certify to the Board of Claims photocopies of the docket entries of the above captioned matter and transfer to the Board the record of this proceeding retaining photocopies thereof, to be certified as true copies of the originals upon transfer to the appropriate court of common pleas.

together, *unless otherwise ordered by the court.*' . . . See *generally* Goodrich-Amram Standard Pennsylvania Practice 326, Commentary to Rule 1020d (Supp. 1975). (Emphasis added in original.)