Philip Smock, t/a Quiet Acres Nursing Home, and Individually, Plaintiff v. Commonwealth of Pennsylvania and Commonwealth of Pennsylvania, Department of Public Welfare, Defendants.

68

Argued September 11, 1980, before Judges MEN-CER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Kenneth D. Chestek,* for plaintiff.

*Bruce G. Baron,* Assistant Attorney General, for defendants.

OPINION BY JUDGE WILLIAMS, JR., February 23, 1981:

Philip Smock has filed in this Court an action at law directed to our original jurisdiction under Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1). Plaintiff Smock has named as defendants the Commonwealth of Pennsylvania and the Department of Public Welfare (DPW), and claims for restitution and money damages. The defendants have filed preliminary objections which, *inter alia,* raise a question of this Court's subject-matter jurisdiction over the action asserted against them. We sustain their jurisdictional objection.

At all times material to this action the plaintiff was the owner-operator of the Quiet Acres Nursing Home. In July 1975 DPW revoked the nursing home's license to operate under the state Medical Assistance Program. As a result of that administrative action,

the nursing home was no longer eligible to receive from the state payments for nursing care and service provided to assistance patients.[1] No effective appeal was ever taken from DPW's action, either in revoking the license or refusing to reinstate it.

The plaintiff's complaint asserts two counts, one in "true" contract and the other in quasi-contract on a theory of unjust enrichment. Under those two counts the plaintiff seeks to recover money damages for financial losses caused by his inability to operate the home without the Medical Assistance license, which he avers he was deprived of by DPW in breach of an agreement by that agency. Additionally, the plaintiff seeks restitution, on an assertion of quasi-contract, for the value of nursing care and services allegedly provided to assistance patients from July 1975 through June 1977. In that latter regard the plaintiff theorizes that the state has been unjustly enriched by withholding payment for that care and services.

It is clear that the plaintiff's action is one against the Commonwealth on an alleged contract with the Commonwealth. As his claim is also in excess of $300.00 it follows that exclusive jurisdiction to hear it is in the Board of Claims, by mandate of Section 4 of the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-4. *E.g., Vespaziani v. Department of Revenue,* 40 Pa. Commonwealth Ct. 54, 396 A.2d 489 (1979). Accordingly, we have no original jurisdiction to entertain the plaintiff's claim sounding in "true" contract,

---

[1] The requirement that a nursing home be licensed or approved by DPW to receive medical assistance payments is set forth in Section 443.1(3) of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* added by Section 5 of the Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. §443.1(3). In the case at bar, the plaintiff's loss of license was based on DPW's finding that the nursing home did not physically comply with state standards.

that is, his claim for compensatory damages allegedly resulting from DPW's breach of agreement.

Nor can the plaintiff hurdle that jurisdictional bar by stating his other claim in quasi-contract. The Board of Claims' statutory exclusive jurisdiction over contractual actions against the Commonwealth includes those based on theories of implied or quasi-contract. *See Children's Rehabilitation Center, Inc. v. County of Allegheny,* 44 Pa. Commonwealth Ct. 172, 175, 403 A.2d 640, 642 (1979).

As an additional matter, it appears that the plaintiff, without having taken a timely appeal from DPW's revocation or denial of licensing, seeks to now collaterally attack that adjudication by resort to our original jurisdiction. That he cannot do. *See Lamolinara v. Pennsylvania State Police,* 51 Pa. Commonwealth Ct. 570, 414 A.2d 1126 (1980); *Callahan v. Pennsylvania State Police,* 39 Pa. Commonwealth Ct. 609, 396 A.2d 81 (1979).

ORDER

AND Now, the 23rd day of February, 1981, the defendants' preliminary objections raising a question of this Court's subject-matter jurisdiction are sustained, and the plaintiff's action is dismissed.