436 A.2d 615

**Philip SMOCK t/a Quiet Acres Nursing Home, and Individually**

**v.**

**COMMONWEALTH of Pennsylvania and Commonwealth of Pennsylvania, Department of Public Welfare.**

**Appeal of Philip SMOCK.**

Supreme Court of Pennsylvania.

Submitted Sept. 18, 1981.

Decided Nov. 5, 1981.

206

---

Kenneth D. Chestak, Erie, for appellant.

Bruce G. Baron, Asst. Counsel, Dept. of Public Welfare, Harrisburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This appeal is from an Order of the Commonwealth Court dismissing a complaint filed by appellant, Philip Smock.

Appellant was the owner-operator of Quiet Acres Nursing Home. In July, 1975, the Commonwealth of Pennsylvania, Department of Public Welfare (hereinafter "D.P.W."), appellee herein, revoked the nursing home's license to operate under the State Medical Assistance Program. As a result of the license revocation, the nursing home became ineligible to receive state payments for services provided to patients qualifying for medical assistance. No appeal was taken from the Order revoking appellant's license. Appellant alleges, however, that the failure to appeal was a result of his reliance on oral assurances from D.P.W. representatives that the license and reimbursement agreement would be reinstated when the deficiencies, which were the basis of the license revocation, were corrected.

Appellant attempted to correct the deficiencies but D.P.W. twice refused to reinstate the license because they found that appellant had yet to comply with the applicable regulations. Appellant subsequently made two requests for payment for services provided to assistance patients. Both requests were refused and no appeals were taken. Appellant claims he asked D.P.W. to relocate the assistance patients but this request was allegedly refused. Appellant asserts that because of the nursing home's inability to remove the assistance patients, financial setbacks resulted which eventually led to foreclosure on the property in December, 1978.

In November, 1979, appellant filed a two-count complaint in the Commonwealth Court, seeking money damages from D.P.W. The first count of the Complaint sought recovery on an actual contract theory while the second count was based on a theory of quasi-contract, or unjust enrichment. The D.P.W. filed Preliminary Objections which, *inter alia*, asserted that the Commonwealth Court lacked subject-matter

jurisdiction to adjudicate the dispute. The Commonwealth Court sustained the Preliminary Objections and dismissed appellant's Complaint. *Smock v. Commonwealth*, Pa. Cmwlth., 425 A.2d 883 (1981). This appeal followed.

■ The Commonwealth Court dismissed appellant's Complaint, holding that jurisdiction over the instant dispute was with the Board of Claims. The Legislature has provided:

"The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth where the amount in controversy amounts to $300.00 or more."

Act of May 20, 1937, P.L. 728, No. 193, § 4, as amended, 72 P.S. § 4651-4 (Supp. 1981–82). While appellant concedes that the Board of Claims has jurisdiction over the first count of his Complaint, he argues that the Board lacks jurisdiction over the second count in quasi-contract. The Commonwealth Court, however, has held that the Board of Claims has exclusive jurisdiction over all contractual claims, either expressed or implied. *Children's Rehabilitation Center v. County of Allegheny*, 44 Pa.Cmwlth. 172, 403 A.2d 640 (1979). We believe the Commonwealth Court acted properly in refusing to exercise jurisdiction over the instant dispute.

■ Appellant next argues that if jurisdiction does lie with the Board of Claims, the Commonwealth Court erred in dismissing the Complaint without transferring the matter to the Board of Claims. Pa.R.C.P. 213(f) provides:

"When an action is commenced in a court which has no jurisdiction over the subject matter of the action it shall not be dismissed if there is another court of appropriate jurisdiction within the Commonwealth in which the action could originally have been brought but the court shall transfer the action at the cost of the plaintiff to the court of appropriate jurisdiction."

See also 42 Pa.C.S.A. § 5103. In appropriate circumstances, a court may refuse, in the interest of judicial economy, to transfer a matter where that court determines that under no

circumstances could the transferee tribunal grant the requested relief. *Meehan v. Cheltenham Township*, 410 Pa. 446, 189 A.2d 593 (1963). The Commonwealth Court held that appellant's Complaint must be dismissed because of appellant's failure to exhaust administrative remedies.

■ It is well-settled that "a party must pursue the administrative remedies he has against an agency before challenging its action in Court." *Department of Environmental Resources v. Bethlehem Steel Corp.*, 469 Pa. 578, 594 n. 28, 367 A.2d 222, 230 n. 28 (1976). *Canonsburg General Hospital v. Department of Health*, 492 Pa. 68, 422 A.2d 141 (1980). Initially, D.P.W. revoked appellant's license in 1975 and no appeal was taken. As previously noted, appellant explains the failure to appeal by claiming that he relied on oral assurances of D.P.W. representatives that the home would be relicensed once the deficiencies were corrected. Appellant, however, twice sought to be relicensed in 1976 and on both occasions the requests were refused by D.P.W. Thus, any reliance on the alleged assurances made in 1975 was clearly unreasonable after D.P.W.'s refusal to relicense appellant in 1976. Further, and most important in our view, appellant never sought any review of the D.P.W.'s refusal to relicense the nursing home. It is this failure that is fatal to appellant's case. Appellant alleges that the home was in compliance with all applicable regulations at the time D.P.W. refused to relicense. If D.P.W. had erred in refusing to relicense the nursing home, administrative review and possible court action would have remedied the error. Appellant, however, did nothing until the filing of the instant complaint in November, 1979. Under these circumstances, we agree with the Commonwealth Court that to allow appellant to proceed on the complaint would violate the well-established principle that failure to pursue administrative remedies will preclude subsequent suits in court.

■ Further, actions before the Board of Claims must be filed within six months of the accrual of the cause of action. 72 P.S. § 4651–6. Instantly, the nursing home went out of business in December, 1978, after which time no expenses were incurred and no additional requests for pay-

ment were made. The present suit, however, was not filed until eleven months later. Appellant attempts to argue that the six-month statute of limitations violates equal protection in that the relatively short statute of limitations applies only to contract claims against the state.[1] However, the legislation both creating the Board of Claims and establishing the six-month limitation on actions is a limited waiver of sovereign immunity. *Kaufman Construction Co. v. Hollcomb*, 357 Pa. 514, 55 A.2d 534 (1947). Had it not been for the legislative authorization of contract suits against the Commonwealth, appellant would not have been able to sue the sovereign. In consenting to be sued in limited areas, the Commonwealth is thus free to establish reasonable and appropriate periods of limitations. We believe the six-month statute of limitations does not violate equal protection.

Order of the Commonwealth Court is affirmed, 57 Pa. Cmwlth. 67, 425 A.2d 883.

LARSEN, FLAHERTY and KAUFFMAN, JJ., concur in the result.

WILKINSON, J., did not participate in the consideration or decision of this case.

---

1. Normally, an action for breach of contract must be commenced within four years. 42 Pa.C.S.A. § 5525.