Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Petitioner *v.* Alexis B. Shulin, Respondent.

Argued November 16, 1983, before Judges WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a panel of three.

*Felix Thau,* Assistant Counsel, with him *Patrick M. McHugh,* Assistant Counsel, and *J. Leonard Langan,* Chief Counsel, for petitioner.

No appearance for respondent.

312

OPINION BY JUDGE MACPHAIL, February 15, 1984:

The Pennsylvania Liquor Control Board (PLCB) has appealed from an order of the Board of Claims (Board) which entered Judgment in the amount of $220 plus interest in favor of Alexis B. Shulin (Respondent),[1] a full-time PLCB employee. We reverse.

This case involves a dispute over $220 which Respondent alleges was improperly withheld from her pay following an incident involving an apparent theft of that amount from her cash register drawer on May 9, 1980. The money was deducted from Respondent's pay pursuant to provision in the applicable collective bargaining agreement which holds employees responsible for cash shortages under certain circumstances. The PLCB found that Respondent had violated employee guidelines by failing to properly protect her cash drawer and, accordingly, deducted the missing monies from her pay. In an effort to challenge the deduction, the record indicates that Respondent filed an appeal with the Civil Service Commission (Commission).[2] The Commission, however, determined that it could not resolve the dispute and, instead, referred Respondent to the Board. The Board accepted jurisdiction of the claim and, after a hearing, entered judgment in favor of Respondent based on its conclusion that the pertinent labor contract provision does not require employee reimbursement of cash shortages which result from theft. The Board, accordingly, found that the PLCB had improperly withheld the

[1] Respondent has declined to file a brief for our consideration in this appeal.

[2] The collective bargaining agreement, as recited by the Board in its opinion, provides that an employee may process a grievance through either the contract grievance procedure or by way of a Civil Service appeal. Once the Civil Service appeal route is chosen, however, the employee may not thereafter institute proceedings under the contract grievance procedure.

$220 and ordered that the monies be returned to Respondent together with interest.

On appeal to this Court, the PLCB first argues that the Board lacked jurisdiction to hear Respondent's claim. More specifically, the PLCB contends that the Board does not have jurisdiction over contract claims where the amount in controversy is less than $300 and that the Board lacks jurisdiction to interpret a collective bargaining agreement which does not itself specify that contract disputes may be submitted to the Board.

Section 4 of the Act of May 20, 1937 (Act of 1937), P.L. 728, *as amended,* 72 P.S. §4651-4 provides, *inter alia,* that, "The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." We have previously noted that this portion of Section 4 requires that there be both a contract claim against the Commonwealth *and* that there be an amount in controversy of at least $300. *Kusnir v. Leach,* 64 Pa. Commonwealth Ct. 65, 439 A.2d 223 (1982). Since the amount in controversy in the instant case is less than $300, we hold that the Board lacked jurisdiction over the claim.[3]

Moreover, we are of the opinion that Respondent's claim does not fall within the Board's expanded jurisdiction over claims which were previously acted on by the Auditor General and State Treasurer pursuant to Article X of the Fiscal Code (Code).[4] *See* Section 4 of the Act of 1937. A dispute which arises over the inter-

---

[3] Since the amount in controversy here was less than $300 we need not resolve the issue of whether the Board would have had jurisdiction if the amount in dispute was in excess of the jurisdictional limit.

[4] Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1001-1004.

pretation of a collective bargaining agreement would not have been within the jurisdiction of the Auditor General and State Treasurer under the Code and, accordingly, is not within the expanded jurisdiction of the Board. *See* 61 Pa. Code §851.2 (setting forth the jurisdiction of the Auditor General and State Treasurer, acting as the original Board of Claims).

Having concluded that the Board lacked jurisdiction to hear Respondent's claim, we will order that the Board's decision be reversed. We observe that our action in the instant case might appear to leave Respondent without a remedy. In fact, due to the Commission's denial of jurisdiction and referral of Respondent to the Board which also lacked jurisdiction, Respondent has yet to have her claim properly decided on the merits. We do not, however, rule out the possibility that Respondent might still institute a grievance proceeding under the collective bargaining agreement. While that agreement does include an "election of remedies" clause[5] and while the interpretation of that clause must be left to the arbitration process, we think that the clause could be interpreted to permit Respondent to file a grievance even at this late date.

. We note that since the Commission denied *jurisdiction* over Respondent's appeal, it could reasonably be concluded that Respondent has yet to pursue or "elect" a viable remedy, thus removing the "elections" clause as a bar to her grievance. This clearly would not be an instance where Respondent seeks to have more than one ruling on the merits of her complaint. Rather, the grievance proceeding would be the first opportunity for Respondent to obtain a ruling as to whether the PLCB correctly withheld the $220 from her pay. We also observe that if Respondent's grievance would appear to be untimely filed, it would be

---

[5] *See* note 2 *supra*.

within the arbitrators' power to regard the date of Respondent's ineffective civil service appeal as the initiation date of the grievance.

Order reversed.

ORDER

The order of the Board of Claims, dated January 8, 1982, is hereby reversed.