James J. Shaffer, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Respondent.

Argued September 9, 1985, before Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

██ 

*John Adam Matlawski, Killian & Gephart,* for petitioner.

*Eileen S. Mamus,* with her, *Bruce H. Bikin,* Assistant Counsel, and *Gary F. Di Vito,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 22, 1985:

This case is an appeal from a decision of the Board of Claims (Board) dismissing the claim of James J. Shaffer (Appellant).

Appellant is an employee of the Pennsylvania Liquor Control Board (PLCB). Appellant was the manager of Store No. 2402 in St. Mary's when that store was closed in March 1981. Appellant was reassigned to Store No. 2404 in St. Mary's and reclassified as a Liquor Store Manager IA. In that position, which Appellant held from March 1981 until August 1983, he performed the duties of a clerk in Store No. 2404. In addition, he would fill in as a substitute manager at other stores in three neighboring counties. Currently, Appellant serves in a Clerk I position, following a voluntary demotion.

Appellant claims that he is entitled to be reimbursed for expenses incurred between October 1982 and August 1983 in travelling to the stores in neighboring counties. There was evidence presented before the Board that Appellant received reimbursement for

such expenses prior to October 1982 but that after that time the PLCB has refused reimbursement.

Appellant followed the grievance procedure set forth in a Memorandum of Understanding between the PLCB and Appellant's bargaining unit. The grievance was denied at the first and second levels. Appellant then filed a Petition for Claim before the Board of Claims on May 17, 1983.[1] The Board denied Appellant's claim, finding that because the Memorandum of Understanding included provisions dealing with travel expenses, and because these provisions did not allow reimbursement for the types of travel expenses Appellant was seeking,[2] Appellant was

---

[1] The petition was amended in writing on June 6, 1983 to include later incurred expenses. It was subsequently amended orally at the time of the hearing to include more expenses. This second amendment was later reduced to writing on January 9, 1984.

[2] The relevant portion of the Memorandum of Understanding reads:

RECOMMENDATION No. 26
TRAVEL AND MEAL EXPENSES

A. A manager who, upon request by a District Supervisor, consents to utilize his/her personal vehicle to transfer stock merchandise to another store shall be reimbursed in accordance with the Commonwealth's Travel Expense Regulations for each mile in excess of the number of miles which the manager normally travels to and from work.

B. A manager who is required to attend a training session shall be reimbursed in accordance with the Commonwealth's Travel Expense Regulations under the following conditions:

1. If travel is within city limits, the manager will be reimbursed for mileage in excess of ten miles beyond that which he/she normally travels from residence to store of regular assignment.

2. If travel is other than within city limits, the manager will be reimbursed for mileage in excess of the number of miles which he/she normally travels from residence to store of regular assignment.

not entitled to reimbursement. In so finding the Board held that the Memorandum was binding on the parties.

Appellant presents two issues for our determination: 1) whether the Board erred in finding that the Memorandum of Understanding was a collective bargaining agreement which established a binding contractual relationship between the parties; and 2) whether the Appellant is entitled to reimbursement for mileage expenses under a theory either of a contract implied-in-law or a contract implied-in-fact. The PLCB presents the additional issue of whether the Board has the jurisdiction to decide a case brought under a Memorandum of Understanding issued by a Commonwealth agency to the bargaining unit of its employees.

Our scope of review is limited to determining whether the decision of the Board is in accordance with the law and whether the findings of fact are supported by the evidence. *Department of Transportation v. Mosites Construction Company*, 90 Pa. Commonwealth Ct. 33, 494 A.2d 41 (1985). Matters of contract interpretation and construction are questions of law subject to our appellate review. *Department of Transportation v. Bracken Construction Co.*, 72 Pa. Commonwealth Ct. 620, 457 A.2d 995 (1983).

Section 4 of the Act of May 20, 1937 (Act of 1937), P.L. 728, *as amended*, 72 P.S. §4651-4 provides, *inter alia*, that, ''The Board of Claims shall have exclusive jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more.'' Under Section 4 of the Act of 1937, the Board also has jurisdiction over claims which were previously acted on by the Auditor General and State Treasurer

pursuant to Article X of the Fiscal Code.[3] The regulations which set forth the jurisdiction of the Auditor General and State Treasurer, acting as the original Board of Claims, include claims against the Commonwealth arising from:

> . . . (1) the furnishing of goods, or services, or both, to the Commonwealth, where the furnishing of such goods, or services, or both, is not within the terms of a valid, existing contract between the Commonwealth and the Claimant . . .; and
>
> (2) action or inaction by Commonwealth employees giving rise to an *implied contract* to compensate the claimant.

61 Pa. Code §851.2 (emphasis added).

It is true that both the Pennsylvania Supreme Court and this Court have held that disputes under collective bargaining agreements are not within the jurisdiction of the Board. *Kapil v. Association of Pennsylvania State College and University Faculties,* 504 Pa. 92, 470 A.2d 482 (1983); *Pennsylvania Liquor Control Board v. Shulin,* 80 Pa. Commonwealth Ct. 311, 471 A.2d 599 (1984). We find these cases to be inapposite because we deal here with a Memorandum of Understanding.

Appellant, at all times relevant to his claim, was a first level supervisor. As such, the PLCB was required to "meet and discuss" with Appellant's bargaining unit, not "bargain" with it. 43 P.S. §1101.-704.[4] A Memorandum of Understanding arrived at through the "meet and discuss" process is neither a

---

[3] Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §§1001-1004.

[4] Article VII, Section 704 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.704, repealed in part by 71 Pa. C.S. §5955.

collective bargaining agreement nor a contract.[5] "[A]ny decisions or determinations on matters so discussed shall remain with the public employer and be deemed final on any issue or issues raised." 43 P.S. §1101.301(17).[6]

The PLCB makes the argument that because the Memorandum of Understanding contains an agreement to arbitrate, it is subject to the provisions of the Uniform Arbitration Act (UAA).[7] This would, in turn, take the matter out of the jurisdiction of the Board.

Subsection 7302(c) of the UAA provides:

*(c) Government contracts.*—This subchapter shall apply to any written contract to which a government unit of this Commonwealth is a party to the same extent as if the government unit were a private person, except that where a contract to which the Commonwealth government is a party provides for arbitration of con-

---

[5] This point evidently was made clear in the Memorandum of Understanding in effect during the relevant time period. We cannot be certain, however, because only Recommendation No. 26 of that Memorandum was offered into evidence. A later Memorandum, effective from August 1, 1983 to June 30, 1985 was offered into evidence in full. That Memorandum includes the following:

. . . It is understood that this Memorandum and the recommendations contained herein, whether or not implemented in whole or in part, do not and shall not constitute a collective bargaining agreement or contract binding on the parties, but shall represent a meet and discuss understanding and Memorandum of Recommendations effective August 1, 1983 except as herein provided, through June 30, 1985.

[6] Article III, Section 301(17) of the PERA, 43 P.S. §1101.301 (17).

[7] 42 Pa. C.S. §7301-7320.

In its brief, the Board refers to the Act of April 25, 1927, P.L. 381, §§1-19, 5 P.S. §§161-179. This Act was repealed by the UAA.

troversies but does not provide for arbitration
pursuant to any specified statutory provision,
the arbitration shall be governed by this sub-
chapter.

We cannot be certain if, in fact, an arbitration
clause exists in the relevant Memorandum of Under-
standing because the entire Memorandum covering the
time period of Appellant's claims was never offered
into evidence.[8] If, as the Board asserts, the arbitra-
tion clause makes no reference to a specified statutory
provision, then it is true that disputes arising under
the Memorandum may indeed be governed by the pro-
visions of the UAA. Because the relevant Memo-
randum of Understanding was not before the Board
and is not before us, we are unable to determine the
jurisdiction issue raised by the PLCB.

In the instant case, however, the Appellant is not
basing his claim solely on the provisions of the Memo-
randum of Understanding. He is claiming, in the al-
ternative, that the acceptance by the Commonwealth
of his services in travelling to distant stores and the
prior reimbursements of him by the Commonwealth
give rise to either a contract implied-in-law or a con-
tract implied-in-fact.[9]

---

[8] *See supra* footnote 5.

[9] We note, without deciding the issue, that Appellant's argument
is bolstered by the existence of the following statute and regulation :

§76. *(Adm. Code §216)*. *Expenses*

Subject to the rules and regulations of the Executive
Board, the heads of administrative departments, the mem-
bers of independent administrative boards and commis-
sions, the members of departmental administrative bodies,
boards, and commissions, the members of advisory boards
and commissions, all administrative officers, and all per-
sons employed under the provisions of this act, shall be
entitled to receive their traveling and other necessary ex-
penses, actually incurred in the performance of their public

If the Board were to accept one of Appellant's implied contract theories, it could properly take jurisdiction. An implied contract, being separate and apart from the Memorandum of Understanding, would obviously include no arbitration clause; hence, the UAA would not apply. We have held that implied contract claims are within the Board's jurisdiction. *Smock v. Commonwealth,* 57 Pa. Commonwealth Ct. 67, 425 A.2d 883 (1981).

The Board, in its opinion, never considered the merits of Appellant's implied contract theories. The Board relied on *Shulin* to say that the parties were bound to the agreement, as they would be to a collective bargaining agreement. The Board failed to consider the different nature of a Memorandum of Understanding. Under such an agreement, Appellant's implied contract theories are quite plausible and quite cognizable by the Board. We must remand the case so that the Board can make further findings of fact and conclusions of law consistent with this opinion.

## ORDER

The record is remanded to the Board of Claims for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

duties, upon requisition of the head of the appropriate administrative department, or of the appropriate administrative board or commission. . . .

Article II, Section 216 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, 71 P.S. §76.

§40.3. *General policy.*

(a) Officers and employees shall be entitled to receive reimbursement for out-of-pocket expenses incurred in the performance of their duties within maximums prescribed under this chapter.

4 Pa. Code §40.3.