524 A.2d 1005

Pennsylvania Social Services Union, Local 668, SEIU, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor & Industry, Bureau of Workers' Compensation, Respondent.

Argued September 12, 1986, before Judges MAC-PHAIL and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Wesley H. Johnson,* for petitioner.

*Cheryl G. Young,* Assistant Counsel, with her, *John D. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 13, 1987:

Pennsylvania Social Services Union, Local 668, SEIU (Petitioner) appeals from an arbitrator's award which denied a grievance protesting the suspension and subsequent discharge of Duane A. Darkins (Darkins) from his position as a Workers' Compensation Referee with the Department of Labor and Industry, Bureau of Workers' Compensation (Respondent).

By letter dated December 23, 1983, Darkins was given notice to appear at a December 28, 1983 fact-finding conference. The purpose of this meeting was to inform Darkins of allegations of his misconduct as a referee and to provide Darkins with the opportunity to respond to the various charges of misconduct. At that meeting, Darkins' attorney requested a continuance which was denied, but because of the short notice, he was given until January 5, 1984 to submit responses to the allegations.

During the course of the meeting, Darkins was informed that the misconduct included improper use of the Commonwealth's mail, improper conduct as a referee at hearings, and improper conduct towards a Liquor Control Board employee. Darkins was given several copies of envelopes allegedly improperly sent from his office and a copy of a letter from the Executive Director of the Liquor Control Board which detailed allegations of impropriety by Darkins. On the advice of his counsel, Darkins did not respond to these allegations at that meeting. On January 5, 1984, Darkins' attorney stated that he would not respond to the allegations absent more specific information. Shortly thereafter, Darkins went on sick leave for a heart ailment until May 1, 1984.

Upon returning to work on May 1, 1984, Darkins was given a letter of suspension. The suspension was for thirty days and during such time an investigation into his activity as a referee was to take place. The letter specifically identified three hearings at which Darkins' conduct was in question and notified Darkins that other incidences of misconduct had come to Respondent's attention subsequent to the December, 1983 hearing which warranted investigation.

On May 3, 1984, a grievance was filed asserting that the suspension was without just cause because of the *de minimis* nature of the allegations and lack of timeliness. On June 7, 1984, Darkins was notified to attend a second fact-finding conference to be held on June 11, 1984. Darkins attended the meeting with representation by Petitioner, and the findings of the investigation were discussed. On June 12, 1984, Darkins' suspension was converted to a discharge. On June 19, 1984, a grievance was filed protesting the discharge as being without just cause. Darkins was notified of his right to appeal this decision to the Civil Service Commission or to proceed with arbitration pursuant to the Memorandum of Understanding (Memorandum).[1] The discharge was ap-

---

[1] Darkins, as a workers' compensation referee is a member of a group of public employes classified by the Pennsylvania Labor Relations Board as a unit of "first-level supervisors" pursuant to Section 301(19) of The Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.301(19). As such, the Bureau is not required to bargain with this unit but, is required to "meet and discuss" matters deemed to be bargainable by other public employees covered by PERA. "Meet and discuss" is defined as "the obligation of a public employer . . . to meet . . . and discuss recommendations submitted by representatives of public employes: Provided, That any decisions or determinations on matters so discussed shall remain with the public employer and be deemed final on any issue or issues raised." 43 P.S. §1101.301(17). In accordance with this requirement, a Memorandum of Understanding was

pealed to arbitration and hearings before the arbitrator were held from January 11, 1985 through March 5, 1985. The arbitrator denied the grievance and held that just cause existed for Darkins' suspension and discharge.

Petitioner now appeals to this Court asserting 1) a denial of due process rights and 2) the arbitrator's award did not draw its essence from the Memorandum.[2]

Due process rights in administrative agency proceedings are guaranteed by Section 504 of the Administrative Agency Law (Agency Law), 2 Pa. C. S. §504, which provides in pertinent part: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceeding." An adjudication is defined as "[a]ny *final* order, decree, decision, determination or ruling by an agency affecting *personal or property rights,* privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . ." 2 Pa. C. S. §101 (emphasis added).

A property right in public employment exists where the employee has an enforceable expectation of continued employment. *See Scott v. Philadelphia Parking Authority,* 402 Pa. 151, 166 A.2d 278 (1960). An enforceable expectation is present only if statute or contract

---

reached which sets forth recommendations resulting from "Meet and Discuss" Sessions between the Commonwealth and the Petitioners.

[2] We note that Petitioner asserts that our jurisdiction over the Petition for Review is pursuant to Section 763(b) of The Judicial Code, 42 Pa. C. S. §763(b), which provides for the review of awards of arbitrators. However, our jurisdiction over Petitioner's due process claims falls under 42 Pa. C. S. §763(a).

grants to the employee some form of guarantee. *Amesbury v. Luzerne County Institution District*, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976).

In the case at bar, Darkins, as a workers' compensation referee, is a "regular employee" as defined in the Civil Service Act[3] and entitled to the protection of the just cause provision[4] of that Act. Accordingly, Darkins had a property interest in his job and, therefore, any "adjudication" must be accompanied by the due process rights outlined in Section 504 of the Agency Law.[5]

Petitioner asserts that a deprivation of due process occurred when the Commonwealth failed to provide Darkins with pre-termination notice which contained full and detailed description of the allegations of misconduct. Specifically, they argue that Darkins had no pre-termination notice of two instances of misconduct as a referee. This, they argue, deprived Darkins of notice of every allegation and an effective opportunity to respond.

Due process requires that notice to a party in administrative proceedings must at least contain a sufficient listing and explanation of any charges so that the individual involved can know against what charges he must defend himself. *McClelland v. State Civil Service Commission*, 14 Pa. Commonwealth Ct. 339, 322 A.2d 133 (1974). Due process does not require a formal *pre-termination* hearing[6] where employee rights are not ad-

---

[3] The Civil Service Act, Act of August 5, 1941, P.L. 752 *as amended*, 71 P.S. §741.3(r).

[4] *Id.* 71 P.S. §§741.803, 741.807.

[5] *See also* 71 P.S. §741.951(a), (b).

[6] This Court has recently held, however, that an *informal* pre-termination hearing is necessary to serve as an initial check against a mistaken decision and to determine whether there are reasonable grounds to support the termination. *Adamovich v. Department of Public Welfare*, 95 Pa. Commonwealth Ct. 22, 504 A.2d 952 (1986). In the case at bar, Respondent conducted an informal hearing on December 28, 1983, prior to Darkins' suspension and subsequent discharge.

versely affected as a result of delay. *Eastern Pennsylvania Psychiatric Institute v. Russell,* 77 Pa. Commonwealth Ct. 390, 465 A.2d 1313 (1983). It follows, then, that *pre-termination* notice of each and every allegation is not required when the employee's rights are not adversely affected.

Prior to the arbitrator's award, Darkins was afforded two fact-finding meetings, each preceded by notice, at which he was represented by counsel, informed of allegations made against him and provided with an opportunity to respond. In addition, the letters of suspension and discharge outlined the allegations of misconduct upon which the disciplinary action was predicated. Further, upon arbitration of the dispute, four hearings were held before the arbitrator, at which Darkins was represented by counsel, given the opportunity to present witnesses, cross-examine all witnesses and present evidence. These hearings were recorded verbatim and the parties also submitted post-hearing briefs. The arbitrator then rendered written findings of fact, a discussion and conclusions. In addition, Petitioner admits, in its brief,[7] that in August, 1984, prior to the arbitration hearings held in early 1985, Petitioner was aware of the two instances of misconduct for which they assert a lack of pre-termination notice. As a result, Petitioner had ample time in which to prepare a defense. They were given the opportunity to respond to these allegations and cross-examine witnesses at the arbitration hearings. Accordingly, we hold that Darkins was not prejudiced by lack of *pre-termination* notice and he was not deprived of his due process rights as outlined in Section 504 of the Agency Law.

We now turn to Petitioner's contention that the award of the arbitrator should be vacated because it did

---

[7] Petitioner's Brief at 10.

not draw its essence from the agreement. This contention is without merit.

Initially, we must note that Petitioner asserts an incorrect standard of review. While it is true that the "essence test" is the standard of review of an arbitrator's award adopted by our Supreme court in *Community College of Beaver County v. Community College of Beaver County, Society of The Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977) and held to have the same effect as the judgment n.o.v. standard outlined in Section 7302(d)(2) of The Uniform Arbitration Act[8] (UAA), it is not applicable to the case at bar.

> Section 7302 of UAA provides in pertinent part:
> (c) Government contracts.—This subchapter shall apply to any written contract to which a government unit of this Commonwealth is a party to the same extent as if the government unit were a private person, except that where a contract to which the Commonwealth government is a party provides for arbitration of controversies but does not provide for arbitration pursuant to any specified statutory provision, the arbitration shall be governed by this subchapter.

42 Pa. C. S. §7302.

Here, however, Petitioner and Respondent were not parties to a government contract within the meaning of this subsection. A Memorandum of Understanding is not a contract; nor is it a collective bargaining agreement. *Shaffer v. Pennsylvania Liquor Control Board*, 92 Pa. Commonwealth Ct. 374, 500 A.2d 917 (1985). It cannot be considered to have the same effect as a collective bargaining agreement. *Id.* Accordingly, the provisions of the UAA do not apply. *Pennsylvania Liquor Control Board v. Clark*, 97 Pa. Commonwealth Ct. 320,

---

[8] Uniform Arbitration Act, 42 Pa. C. S. §7302.

509 A.2d 928 (1986). In addition, since the parties did not specifically provide for arbitration pursuant to the UAA, they are conclusively presumed to have agreed to common-law arbitration. 42 Pa. C. S. §7302(a).

Under common-law arbitration principles, "The decision of the arbitrator . . . is binding and cannot be attacked unless it can be shown that a party was denied a hearing, or that there was fraud, misconduct, corruption, or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award." *East Nottingham Township v. Fisher*, 85 Pa. Commonwealth Ct. 383, 385, 482 A.2d 291, 292-293 (1984), 42 Pa. C. S. §7341. Here, Petitioner makes no such allegations.

Petitioner asserts that the arbitrator applied his own brand of "industrial justice" in using a standard of conduct which should not have been applicable to Darkins because he was not formally trained as a workers' compensation referee. However, a common-law arbitration award is not reviewable on the basis of an error of law or fact by the arbitrator. *Harleysville Mutual Insurance Company v. DeMarco*, 328 Pa. Superior Ct. 513, 477 A.2d 563 (1984). Therefore, absent allegations of fraud, misconduct or corruption, we must affirm the award of the arbitrator.

ORDER

AND NOW, April 13, 1987, the award of the arbitrator in the above-captioned matter is affirmed.

Judge CRAIG and Judge BARRY did not participate in the decision in this case.