Airport Inn, et al., Appellants, *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued September 7, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR. did not participate.

*Edward L. Edelstein,* with him *Donald F. Sileo, Jeffrey B. Albert* and *Goodis, Greenfield, Henry, Shaiman & Levin,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, October 30, 1973:

Thirty-two hotels and restaurants and one natural person, individually and in behalf of all purchasers of wine from Pennsylvania Liquor Stores, similarly situated, made written claim for money upon the Pennsylvania Liquor Control Board. They contended that the Board's imposition from 1955 until 1972 of a markup of fifty-eight per cent on the prices of wines sold in state stores, while imposing a markup of only forty-eight per cent on distilled spirits, was excessive, discriminatory, and illegal and that they and their constituents were entitled to refunds. The Board replied in writing that the claims "are not valid and cannot be recognized by us." The claimants appealed the Board's

answer to their claim to us. The Board has filed a motion to quash the appeal on jurisdictional grounds.

The claimants have misapprehended their remedy and the appeal must be quashed. The Commonwealth may be sued only "in such manner, in such courts and in such cases as the Legislature may by law direct." Pennsylvania Constitution Article I, Section 11. The Legislature has not directed that claims for refunds on account of alleged, but not admitted, illegal charges for merchandise purchased from state stores may be prosecuted in the manner the claimants have here adopted. The only authority advanced by the claimants in support of their proposition that the Liquor Control Board's disapproval of their claims is an adjudication[1] appealable to this Court[2] is subsection (j) of Section 1 of the Act of December 20, 1933, 1933-34 Sp. Session, P.L. 89, 47 P.S. §744-907(j). That Act appropriates to the Liquor Control Board as much moneys in the State Store Fund as is necessary for the Board's work "in establishing, maintaining, and operating Pennsylvania Liquor Stores, warehousing and testing liquor, issuing liquor licenses to hotels, restaurants, clubs, and public service companies, and otherwise administering and enforcing the Pennsylvania Liquor Control Act, as follows:

"(a) For the payment of salaries . . .

"(b) For the purchase . . . of furniture . . . [and] supplies . . .

"(c) For the purchase of automobiles . . .

"(d) For the purchase of liquors . . .

"(e) For the payment of postage . . .

---

[1] As defined in Section 2(a) of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.2(a).

[2] By Section 403(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.403(1) and Section 1(a).

"(f) For the payment of rentals ...

"(g) For the payment of premiums upon policies insuring the Commonwealth ...

"(h) For all other expenses ...

"(i) For the payment to the Department of the Auditor General of costs incurred ... in auditing ...

"(j) For the payment of claims for refunds, made to and approved by, the board for moneys paid into The State Stores Fund, to which the Commonwealth is not rightfully entitled."

We hold that the Legislature did not intend by subsection (j) to establish the Liquor Control Board as a forum for deciding contested claims for refunds. The Board is engaged in behalf of the State in a vast merchandising enterprise. Inevitably, mechanical and human errors in accounts of suppliers and customers will result in incontestable overpayments, which should be promptly adjusted for the sake of efficiency, proper accounting and business decency. Subsection (j) was added to Section 1 of the Act of 1933, supra, by the Act of July 18, 1935, P. L. 1316. In 1951, the Legislature created in the State Treasury the Liquor License Fund and empowered the Board to pay "claims for refunds allowed and approved for moneys paid into the Liquor License Fund because of the overpayment or overcharge of license fees." Act of April 12, 1951, P. L. 90, §801, 47 P.S. §8-801. This provision, in our view, clearly refers to mechanical errors of payment or charging, not to substantive legal issues concerning entitlement to refunds, and may be assumed to be modeled on the less explicit but no less clear reference to the same subject matter in subsection (j) of the Act of 1933, supra. Further, if the power conferred by the Legislature on one of its agencies "to sue and be sued" is not consent of the Commonwealth to be defendant in a judicial proceeding, as held in Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609, 182 A. 2d 199

(1962), the appropriation of money to the Liquor Control Board for, among other purposes, the payment of refunds, may not be held to be the State's agreement that the Liquor Control Board may adjudicate the Commonwealth's obligation to pay contested claims from the State Treasury.

Finally, and conclusively, the Legislature has provided by the Fiscal Code for the adjustment and settlement of claims such as these by the Auditor General and State Treasurer, followed, if desired, by petition for resettlement, petition for review and appeal to this Court. Act of April 9, 1929, P. L. 343, §§1003, 1004, 72 P.S. §§1003, 1004. The leading case in the field concerns a claim made to the *Liquor Control Board*, refused by it, and filed with the Auditor General and State Treasurer pursuant to the cited provisions of The Fiscal Code. *Merchants Warehouse Company v. Gelder et al.*, 349 Pa. 1, 36 A. 2d 444 (1944). The appellants' brief indicates a misunderstanding of the nature of the proceedings in that case which may have lead to this improper appeal.

The appellee's motion to quash the appeal is granted.