Robert R. Brey, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant.

Morris Sooper, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant.

Argued December 5, 1977, before Judges WILKINSON, JR., ROGERS and DISALLE, sitting as a panel of three.

*Robert A. Polin,* for plaintiffs.

*Kenneth W. Makowski,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, January 5, 1978:

Each, Robert R. Brey and Morris Sooper, has filed a complaint in assumpsit with this Court naming the Commonwealth and the Pennsylvania Liquor Control Board (Board) as defendants. The actions were consolidated for hearing on the Board's preliminary objections raising the defense of sovereign immunity.

Brey's complaint alleges that he was, and still is, employed as a liquor store manager, that the Board has unlawfully deducted $100.00 from his wages without notice or hearing and that the justification given for the Board's action was a cash shortage attributable to Brey. Sooper's complaint contains identical allegations with the exception that only $34.74 was deducted from his pay.

The Board's preliminary objections of sovereign immunity[1] derive from Article I, Section 11 of the Pennsylvania Constitution which provides, *inter alia*, that: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." The Liquor Control Board has been held to be an instrumentality of the Commonwealth clothed with the Commonwealth's immunity. *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973); *Merchants Warehouse Co. v. Gelder*, 349 Pa. 1, 36 A.2d 444 (1944). We must therefore sustain the Board's preliminary objections.

In *Airport Inn v. Pennsylvania Liquor Control Board,* 10 Pa. Commonwealth Ct. 362, 310 A.2d 723 (1973), purchasers of wines contending that they had been the victims of illegal markups, filed claims for refunds with the Board and appealed the Board's refusal to this Court. We quashed the appeal on the ground that the Board had no jurisdiction to grant this kind of refund. We noted there that:

> [T]he Legislature has provided by the Fiscal Code for the adjustment and settlement of claims such as these by the Auditor General and State Treasurer, followed, if desired, by petition for resettlement, petition for review and appeal to this Court. Act of April 9, 1929, P.L. 343, §§1003, 1004, 72 P.S. §§1003, 1004. The

---

[1] Sovereign immunity is an affirmative defense which should be pleaded under "New Matter" of responsive pleadings rather than preliminary objections. The plaintiffs have not objected to this procedural defect and we will, for reasons of judicial economy, address the issues on the merits. *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977). *See also* footnote 3 of *Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 250, 373 A.2d 771, 772 (1977); footnote 1 of *Sharpe v. Commonwealth*, 29 Pa. Commonwealth Ct. 607, 608, 372 A.2d 59, 60 (1977).

leading case in the field concerns a claim made to the Liquor Control Board, refused by it, and filed with the Auditor General and State Treasurer pursuant to the cited provisions of The Fiscal Code. Merchants Warehouse Company v. Gelder et al., 349 Pa. 1, 36 A.2d 444 (1944). 10 Pa. Commonwealth Ct. at 366, 310 A.2d at 725. The Fiscal Code provisions referred to would seem to be appropriate for the disposition of plaintiffs' claims in these cases.

Accordingly, we enter the following

ORDER

.AND Now, this 5th day of January, 1978, it is ordered that the preliminary objections by the Liquor Control Board be and are hereby sustained, and that the complaints in assumpsit filed by Robert R. Brey and Morris Sooper be and are hereby dismissed.