Dagmar Iudicello and Bruce Iudicello, Her Husband, Plaintiffs *v.* Commonwealth of Pennsylvania, Department of Transportation and Jacob Kassab, Defendants.

Argued February 27, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Dwight L. Danser*, with him *Martin Cohen*, for plaintiffs.

*Richard S. Herskovitz*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for defendants.

OPINION BY JUDGE WILKINSON, JR., March 27, 1978:

Plaintiffs have instituted this trespass action against the Commonwealth of Pennsylvania, Department of Transportation and Jacob Kassab. They seek to recover damages for injuries suffered by one of the plaintiffs when the bicycle she was riding turned over while she was on the state highway and she was struck by a passing vehicle. It is alleged that a defect in the construction and maintenance of the state highway contributed to the cause of the accident.

Preliminary objections have been filed by the defendants on the basis of the Commonwealth's immunity from suit and that the complaint fails to state a cause of action against defendant Jacob Kassab in that the only mention of his name is in the caption of the case.

Plaintiffs, both in their brief and at oral argument, candidly admit that under the present decisional law of Pennsylvania, the Commonwealth is immune from

suit and that no cause of action is alleged against Jacob Kassab. They raise only two points.

First, it is plaintiffs' position that immunity from suit is an affirmative defense and can be raised only by way of answer and new matter under Pa. R.C.P. No. 1031. They agree that this Court has, in a number of recent cases, disposed of immunity matters on preliminary objections. *See* cases collected by Judge ROGERS in footnote 1 of *Brey v. Pennsylvania Liquor Control Board*, 33 Pa. Commonwealth Ct. 213, 215, 381 A.2d 228, 229 (1978). However, plaintiffs distinguish these cases saying that no objection was made by the plaintiffs in those cases and objection is being raised here. Recognizing considerable merit in plaintiffs' position on this procedural point, we can see no possible benefit to anyone in dismissing these preliminary objections and requiring an answer to be filed and having this matter more appropriately raised as new matter. When it is transparently clear on the face of the complaint, as it is here from plaintiff's own allegations, that the Commonwealth is immune we will consider the matter in its present posture and thus expedite the disposition of the case. *See Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977).

Plaintiff's second point is that this Court should reconsider and overrule the last vestiges of the Commonwealth's immunity from suit. As we have indicated so clearly, so recently, and so often, we are not willing to do this.

Accordingly, we will enter the following

ORDER

AND Now, March 27, 1978, it is ordered that the preliminary objections of the Commonwealth of Pennsylvania, Department of Transportation, and Jacob

Kassab be and are hereby sustained and the Complaint in Trespass filed by Dagmar Iudicello and Bruce Iudicello, her husband, be and is hereby dismissed.