Wendy Levine, Plaintiff *v.* Commonwealth of Pennsylvania, Defendant.

Submitted on briefs, March 2, 1978, to Judges CRUMLISH, JR., ROGERS and DISALLE, sitting as a panel of three.

*Benjamin Kuby*, with him *Klovsky, Kuby and Harris*, for plaintiff.

*Richard S. Herskovitz*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for defendant.

PER CURIAM, March 27, 1978:

This action in trespass, brought by Wendy Levine (Levine) against the Commonwealth of Pennsylvania (Commonwealth) seeks to recover damages for injuries sustained when she was thrown from her vehicle while riding on a state highway in Montgomery County, Pennsylvania. It is alleged that a defective condition in the highway caused the accident and subsequent injuries. Presently before us is the Commonwealth's Motion for Judgment on the Pleadings. This Motion raises the question of constitutional immunity by reason of Article I, Section 11 of the Constitution of Pennsylvania.

It has been consistently and repeatedly held that the Commonwealth is immune from suits in tort. *See Freach v. Shovlin*, 471 Pa. 558, 370 A.2d 1163 (1977); *Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481 (1975). In fact, Levine admits to the continuing vitality of the doctrine of sovereign immunity, but asks that we set it aside. This being the present state of the law, we are compelled to grant the Commonwealth's Motion. *See Lovrinoff v. Pennsylvania Turnpike Commission*, 3 Pa. Commonwealth Ct. 161, 281 A. 2d 176 (1971).

Per Curiam Order

And Now, this 27th day of March, 1978, the Motion for Judgment on the Pleadings filed by the Commonwealth of Pennsylvania is hereby granted, and judgment is entered in favor of the Commonwealth.