## Zdaniewicz v. Sands

756

*Brendan J. Vanston,* for plaintiff.
*Lawrence M. Ludwig, Cody H. Brooks,* and *Richard W. Bagley,* for defendants.

GARDNER, *P.J.,* June 24, 1980—This matter arises as a result of defendants' preliminary objections, in the nature of a demurrer, to plaintiff's complaint in trespass alleging that he was slandered by defendant James Sands, a Tunkhannock Township, Wyoming County, Pa., supervisor, at a meeting of the Board of Supervisors on June 1, 1979, and that the words used became libelous by inclusion in the minutes of the meeting which were, on July 6, 1979, approved by all defendants.

Defendants contend that plaintiff has not stated a cause of action, because the complaint, on its face, allows the defense of absolute immunity of high public officials to be raised.[1]

Such a ground, under some decisions, may be raised by preliminary objections when it appears on the face of the complaint (as it does here, since the alleged defamatory words were attributed to a

---

1. Defendant makes additional objections, asserting that the words here involved were not capable of a defamatory determination, that approval of the township board minutes did not constitute a "republication," and that defendant was not entitled to punitive damages nor had pleaded specific damages.

township supervisor at a public meeting by the board).[2]

A township supervisor is a "high public official." Jonnet v. Bodick, 431 Pa. 59, 244 A. 2d 751 (1968).

Such an official enjoys an absolute privilege (immunity) which exempts that person from all civil suits for damages arising out of false or defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority: Matson v. Margiotti, 371 Pa. 188, 88 A. 2d 892 (1952); Montgomery v. Philadelphia, 392 Pa. 178, 140 A. 2d 100 (1958).

Instantly, the complaint alleges that defendant James Sands is a supervisor, that the alleged defamatory words were addressed to a police officer employed by the township, and that the incident took place at a public meeting of the board.

Defense counsel correctly points out that township police "serve at the will of [the] supervisors." The Second Class Township Code of May 1, 1933, P.L. 103, art. V, sec. 590, as amended and supplemented, 53 P.S. §65590. This, coupled with

---

2. In Levine v. Com., 34 Pa. Commonwealth Ct. 385, 383 A. 2d 1291 (1978), the court granted a motion for judgment on the pleadings based on sovereign immunity. However, in Brey v. Com., 33 Pa. Commonwealth Ct. 213, 381 A. 2d 228 (1978), the court held that sovereign immunity is an affirmative defense which should be pleaded under "new matter" in responsive pleadings, rather than raised by preliminary objections. The court, however, as in the instant matter, proceeded to address the issue on the merits since plaintiff did not object to this procedural defect, citing as authority, inter alia, Freach v. Com., 471 Pa. 558, 370 A. 2d 1163 (1977).

the allegations of plaintiff's complaint, clearly establishes the application of the doctrine of immunity (privilege).[3]

However, plaintiff asserts that the recently enacted Political Subdivision Tort Claims Act of November 26, 1978, P.L. 1399, sec. 101 et seq., 53 P.S. §5311.101 et seq., applies to deny defendants the common law defense discussed above.

The Tort Claims Act, supra, limits the liability of employes[4] of political subdivisions "only to the same extent as his employing political subdivision." Section 5311.301.

Section 5311.202 limits liability to injuries occurring as a result of listed activities—operation of a subdivision's motor vehicle, care, custody or control of personal or real property, dangerous conditions of traffic lights, controls, street lighting, trees, dangerous condition of municipally owned utility systems, streets, sidewalks, and care and custody of animals in the possession of the subdivision.

In no provision does the Tort Claims Act, supra, remotely concern itself with defamation or actions pertaining to the same. Hence, the common law

---

3. In Wicks v. Milzoco Builders, Inc., 25 Pa. Commonwealth Ct. 340, 346, 360 A. 2d 250 (1976), in a scholarly opinion by the late President Judge Bowman, the court held that governmental immunity (abolished by Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973)), is distinguishable from absolute immunity of high public officials, saying: "We simply believe that the Supreme Court's abolition of governmental immunity in Ayala did not and was not intended to effect an abolition of the doctrine of absolute immunity of high public officials."

4. "Employee of a political subdivision" includes "any elected or appointed officer, member of a governing body . . ." Tort Claims Act, supra, section 5311.102.

remains alive and well, in our opinion, and requires that defendant's objections be sustained. The additional contentions of defendant, in view of the position that we have taken, need not be determined.

## ORDER

And now, June 24, 1980, for the reasons set forth in the opinion of even date, filed in the above captioned matter, it is ordered that the preliminary objections heretofore filed by defendants be and the same are hereby sustained.